IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PERRIN BURSE**, *et al.*,

    **Plaintiffs,**

                                          Civil Action 2:15-cv-2992
  vs.                                 Judge Watson
                                          Magistrate Judge King

**CHARLOTTE JENKINS**, *et al.*,

    **Defendants.**

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this civil action asserting claims arising out of alleged interference with legal proceedings pursued by him.[1] This matter is now before the Court for the initial screen of the *Complaint*, ECF No. 4, required by 28 U.S.C. §§ 1915(e), 1915A.

A federal court must dismiss a case such as this, or a claim asserted in the action, if it determines that the case or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. In conducting this review, the Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, even a *pro se* complaint must

---

[1] This case is related to a similar case pursued by plaintiff, now with the assistance of counsel, in this Court: *Burse v. Robinson,* 2:14-cv-403.

1

nevertheless plead facts that give rise to a valid cause of action. *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Moreover, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Apple v. Glenn,* 183 F.3d 477 (6th Cir. 1999).

    The *Complaint* names as plaintiffs not only Perrin Burse, but also Burse Investment Management Group, Inc., and Burse Fund I. The *Complaint* does not, however, appear to assert any claims on behalf of either Burse Investment Management Group, Inc., or Burse Fund I. Moreover, to the extent that these entities are corporations, they can proceed in this Court only through counsel authorized to practice in

this Court. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel . . ."); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Parris v. Herman*, 211 F.3d 1270 (Table)(6th Cir. May 3, 2000). Plaintiff Perrin Burse is not authorized to practice law before this Court. To the extent that the *Complaint* purports to assert claims on behalf of Burse Investment Management Group, Inc., and Burse Fund I, then, those claims cannot proceed.

The *Complaint* asserts claims of denial of plaintiff Perrin Burse's constitutional right of access to the courts by reason of his assignment to segregation from February 20, 2015 to March 3, 2015, and by reason of limitations imposed on his legal materials. The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Although the Constitution assures "adequate, effective, and meaningful" access, *Bounds*, 430 U.S. at 822, the right is nevertheless not unlimited. For example, the right relates only to challenges to the inmate's conviction or sentence or to challenges to the inmate's conditions of confinement. *Lewis*, 518 U.S. at 355. Plaintiff specifies a number of lawsuits allegedly adversely impacted by his assignment to segregation and the limitation on his legal materials, it is not clear that all those lawsuits involved either a challenge to his conviction or sentence or to his conditions of

confinement. To the extent that they did not, those lawsuits cannot form the basis of plaintiff's claimed denial of access to the courts.

The *Complaint* also names as a defendant "Post Master General U.S. Postal Service," but does not allege any misconduct on the part of this person or entity.[2] The claim against this defendant cannot proceed.

The *Complaint* also appears to assert claims based on alleged violations of state laws or regulations. State employees are vested with immunity from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the officer's . . . actions were manifestly outside the scope of his employment . . ., or unless the officer . . . acted with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 9.86.  However, it is the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the officer . . . is entitled to personal immunity under section 9.86. . . ." O.R.C. § 2743.02(F). Thus, a federal court cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until such time as the cause of action is recognized under state law, *i.e.,* until the Ohio Court of Claims determines that the employee is not entitled to immunity under O.R.C. § 9.86. *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989). Thus, unless and until the Ohio Court of Claims determines that defendants may not invoke the immunity from civil liability conferred by O.R.C. §

---

[2] In any event, a federal entity or employee does not act "under color of state law" for purposes of 42 U.S.C. § 1983.

4

9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

Accordingly, at this juncture, the action may proceed on plaintiff Perrin Burse's claim of denial of access to the courts, and retaliation in violation of the First Amendment to the United States Constitution.[3]

It is **RECOMMENDED** that the claims asserted on behalf of plaintiffs Burse Investment Management Group, Inc., and Burse Fund I be dismissed, that the claim against defendant "Post Master General U.S. Postal Service" be dismissed, and that all state law claims be dismissed without prejudice to renewal should the Ohio Court of Claims determine that the state employees are not entitled to immunity under O.R.C. § 9.86.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

---

[3] In permitting this claim to proceed at this stage of the litigation, the Court expresses no opinion as to whether or not plaintiff has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

5

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              *s/Norah McCann King*
                                              Norah M$^{c}$Cann King
                                      United States Magistrate Judge

January 15, 2016
(Date)