IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PERRIN BURSE,** *et al.*,

    **Plaintiffs,**

    vs.                                Civil Action 2:15-cv-2992
                                         Judge Watson
                                         Magistrate Judge King

**CHARLOTTE JENKINS,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this civil action under 42 U.S.C. § 1983 asserting claims arising out of alleged interference with legal proceedings pursued by him.[1] *See Order and Report and Recommendation*, ECF No. 14; *Order*, ECF No. 19. This matter is now before the Court on plaintiff's motion for interim injunctive relief. *Motion for Preliminary Injunction,* ECF No. 15.

The *Motion for Preliminary Injunction* asks that "all Chillicothe Correctional institutional staff members . . . cease and desist from any further retaliation, harassment, or interfering with civil rights, of plaintiff Perrin Burse." *Id*. at PageID# 198.  Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

---

[1] This case is related to a similar case pursued by plaintiff, now with the assistance of counsel, in this Court: *Burse v. Robinson,* 2:14-cv-403.

1

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)).  When considering these factors, the district court should balance each factor against the others to arrive at its ultimate determination. *Id.*  These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance.  *In re Delorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative.); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004)(same).  However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits.  *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

The *Motion for Preliminary Injunction* is not supported by affidavit, declaration or evidence addressing plaintiff's claims. Moreover, the *Complaint*, ECF No. 4, was not executed under penalty of perjury. Under these circumstances, plaintiff has offered no evidence tending to establish a likelihood of success on the merits of his claims. Interim injunctive relief on this record is therefore unwarranted.

It is **RECOMMENDED** that the *Motion for Preliminary Injunction,* ECF No. 15, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

2

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                          *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge

February 17, 2016
(Date)