IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PERRIN BURSE,** *et al.***,**

    **Plaintiffs,**

                                            Civil Action 2:15-cv-2992
   **vs.**                                      Judge Watson
                                            Magistrate Judge King

**CHARLOTTE JENKINS,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner proceeding without the assistance of counsel,[1] brings this civil action under 42 U.S.C. § 1983 asserting claims arising out of alleged interference with legal proceedings pursued by him. *See Order and Report and Recommendation*, ECF No. 14; *Order*, ECF No. 19. This matter is now before the Court on plaintiff's motion for interim injunctive relief, *Motion for Preliminary Injunction,* ECF No. 15 ("*Motion for Preliminary Injunction*"); *Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction*, ECF No. 30 ("*Defendants' Opposition*"); and plaintiff's reply memorandum ("*Plaintiff's Reply*").

**I.    Background**

Plaintiff, currently incarcerated at the Chillicothe Correctional Institution ("CCI"), alleges that, in February 2015, certain CCI defendants restricted him to only one box of legal materials in his cell, forcing him to either discard his remaining legal materials or

---

[1] This case is related to a case pursued by plaintiff with the assistance of counsel and also pending in this Court: *Burse v. Robinson,* 2:14-cv-403.

1

store those materials elsewhere. *Complaint*, ECF No. 4, PageID# 101, 106-08 (citing Exhibits 2, 3, attached thereto).[2] Plaintiff also alleges that, in February and March 2015, certain CCI mail room employees delayed the processing and lost some of plaintiff's legal mail, including a DVD, thereby impairing his ability to successfully litigate certain legal actions. *Id.* at PageID# 107-10 (citing Exhibits 4, 5, 6, 7, 7A, 8, 8A, 8B, attached thereto). According to plaintiff, defendants retaliated against him and/or interfered with his civil rights because plaintiff had sued other CCI staff members. *Id.* at PageID# 110-11.

On January 16, 2016, plaintiff filed the *Motion for Preliminary Injunction*, which is now fully briefed and ripe for resolution.[3]

**II. Standard**

Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th

---

[2] The *Complaint* is verified. *See Affidavit of Verity*, ECF 4-1, PageID# 255. Although plaintiff refers to attached exhibits by numbers and letters, most of these handwritten identifiers on the exhibits are outside the printable margins, making it difficult or impossible to read.

[3] Upon further review of the docket, which revealed documents in support of plaintiff's request for a preliminary injunction that were not attached to the *Complaint*, the earlier *Report and Recommendation*, ECF No. 20, was withdrawn. *Order*, ECF 23.

2

Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). When considering these factors, the district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance. *In re Delorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative.); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004) (same). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

**III. Discussion**

The *Motion for Preliminary Injunction* asks that "all Chillicothe Correctional Institutional staff members . . . Cease and Desist[] from any further Denial of Access to Courts, Retaliation, Harassment, or Interference of Civil Rights."[4] *Motion for Preliminary Injunction*, PageID# 198. Defendants contend that plaintiff is unlikely to succeed on the merits of his claims and that his request for interim injunctive relief should therefore be denied. *See generally Defendants' Opposition*.

A. **Access to the Courts**

The First Amendment to the United States Constitution guarantees to inmates a right of access to the courts. *Lewis v. Casey*, 518 U.S.

---

[4] The request for an order precluding defendants from interfering with plaintiff's civil rights apparently refers to his right of access to the courts, *see*, *e.g.*, *Complaint*, PageID# 111, ¶ 37, which is addressed *infra*.

343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Although the Constitution assures "adequate, effective, and meaningful" access, *Bounds*, 430 U.S. at 822, the right is nevertheless not unlimited. Rather, the right secured by the Constitution relates only to challenges to the inmate's conviction or sentence or to challenges to the conditions of confinement. *Lewis*, 518 U.S. at 355. *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). Moreover, an inmate plaintiff pursuing a claim of denial of the right of access to the courts must demonstrate an "actual injury." *Lewis*, 518 U.S. at 349. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, No. 03-5045, 92 F. App'x 171, at * 173 (6th Cir. 2004)). Finally, restrictions on the time, place and manner in which inmates may engage in legal research and draft legal documents are permissible so long as the restrictions do not unreasonably impede the right of access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

In the case presently before the Court, plaintiff contends that he had instituted two lawsuits, *Burse v. Vaughn*, Case No. C 1400139, and *Burse v. Lambert*, Case No. C 1400161, that relate to "the information that the institution refuse[d] to allow the plaintiff to

4

maintain in storage, which was a violation of 61 PRP 01, VIG(c)." *Plaintiff's Reply*, p. 2 (citing exhibits attached thereto and *Complaint*, ¶ 19). One of the attached exhibits, a letter from the Ohio Supreme Court dated August 31, 2015, reflects a rejection of plaintiff's appeals in these cases as, *inter alia*, untimely. ECF No. 31-1, PageID# 341. Plaintiff apparently takes the position that he missed the filing deadlines in these cases because defendant Shane Clark placed plaintiff in segregation from February 19, 2015 until March 3, 2015, when plaintiff failed to or refused to comply with defendant Clark's order to reduce his legal materials sufficiently to be stored in one box. *Complaint*, PageID# 108; *Affidavit*, attached thereto at PageID# 264, ¶¶ 4-10. Plaintiff does not explain how his placement in segregation nearly six months prior to August 31, 2015, when his appeals were dismissed, caused him to miss filing deadlines.[5] To the extent that plaintiff may argue that his inability to maintain more than one box of legal materials in his cell caused him to miss later filing deadlines, plaintiff fails to either specify the critical documents or explain why the restriction on the amount of legal materials caused him to miss those filing deadlines.

Plaintiff also refers to another lawsuit, *State of Ohio v. Burse*, Case No. C 1400356, which addressed "the held DVD and legal material by CCI staff" as well as additional constitutional violations. *Plaintiff's Reply*, p. 2 (citing *Complaint* and *Judicial Notice*, PageID# 343, attached thereto,[6] which is filed on the docket as ECF No. 24).

---

[5] The actual filing deadlines are not immediately apparent from the record.
[6] Plaintiff's *Judicial Notice* appears to relate to a delay in a filing in this case and is addressed *infra*.

5

Plaintiff's exhibits indicate that his appeal in this case was not timely filed and that, on November 10, 2015, the Ohio Supreme Court denied his motion for a delayed appeal and dismissed the case. *See* PageID# 341 (letter from the Ohio Supreme Court dated August 31, 2015, advising that this case had not filed with that court, but that plaintiff may resubmit the documents if *State v. Burse* involves a felony), 342 (copy of court order, dated November 10, 2015, with the *State v. Burse* caption).  Although it is not entirely clear, plaintiff appears to contend that the fact that he received "the DVD" "some (8) days after it was delivered to the CCI Mail Room"  caused him to miss the appeal deadline in this case. *Complaint*, PageID# 110.  However, as defendants point out, *Defendants' Opposition*, p. 4, plaintiff has not established that this delay, even if it occurred, is extraordinary nor has he explained how such a delay impaired plaintiff's ability to timely file an appeal in *State v. Burse*.

    Finally, plaintiff's reference, without discussion, to a *Judicial Notice* with an attached *Declaration*, ECF No. 31-1, PageID# 343-44, suggests that plaintiff also contends that defendants interfered with his right of access to the courts in the case presently before the Court.  More specifically, plaintiff avers that, on February 27, 2016, he submitted an objection to the *Report and Recommendation*, ECF No. 20, "to be E filed, and mailed" to this Court, but that the objection was instead given to another inmate and not mailed out until approximately March 9, 2016. *Declaration*, PageID# 344, ¶¶ 3-7.  The Court's docket, however, reflects that plaintiff's objection was actually filed on February 27, 2016. *See Objection*, ECF No. 22.

6

Moreover, based on that objection, the Court withdrew that recommendation and provided the parties the opportunity to fully brief the *Motion for Preliminary Injunction. Order*, ECF No. 23. See *Plaintiff's Reply*. Based on this record, plaintiff has failed to establish prejudice to him in this litigation resulting from an alleged delay in filing the *Objection*.

For all these reasons, this Court concludes that plaintiff has not established a likelihood of success on the merits of his access to the courts claims.

**B. Retaliation**

Plaintiff also seeks to enjoin retaliation by defendants. *Motion for Preliminary Injunction*, p. 1. There are three elements to a First Amendment retaliation claim:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) ... the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Rapp v. Putman*, No. 15-1995, 2016 WL 1211850, at *3 (6th Cir. Mar. 29, 2016) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)) (internal quotation marks omitted).

In the case presently before the Court, the *Complaint* alleges that "UM Clark and the other defendants, purposely, and by unlawful threat of harm to inmate Burse, retaliated against plaintiff, who was currently in litigation with several legal proceedings, one of which was against the fellow staff members at CCI[.]" *Complaint*, PageID# 111, ¶ 38. Neither the *Motion for Preliminary Injunction* nor *Plaintiff's Reply* expands on this statement or otherwise alleges facts

7

that would support a retaliation claim. This vague and conclusory statement of a generalized threat wholly fails to allege a constitutional violation. *See*, *e.g.*, *Thaddeus-X*, 175 F.3d at 398 ("[C]ertain threats...are so *de minimis* that they do not rise to the level of being constitutional violations . . . ."). *See also Harbin-Bey*, 420 F.3d at 580 ("But conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). Accordingly, the Court concludes that plaintiff has failed to establish a likelihood of success on the merits of his retaliation claim.

In short, interim injunctive relief on this record is therefore unwarranted.

It is **RECOMMENDED** that the *Motion for Preliminary Injunction*, ECF No. 15, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to

appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge

May 5, 2016
(Date)