UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Perrin Burse *et al.*,

    Plaintiffs,

v.

Charlotte Jenkins, *et al.*

    Defendants.

Case No. 2:15–cv–2992

Judge Michael H. Watson

## OPINION AND ORDER

Perrin Burse ("Plaintiff") moves for preliminary injunctive relief in this prisoner civil rights action. ECF No. 15. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court deny Plaintiff's motion. R&R 8, ECF No. 34. Plaintiff objects. ECF No. 36.

The Magistrate Judge found that Plaintiff has not established a likelihood of success on the merits of his First Amendment access to the courts claim because he failed to show that Defendants' actions caused him to miss filing deadlines in various lawsuits. R&R 4–7, ECF No. 34. The Magistrate Judge also found that Plaintiff has not established a likelihood of success on the merits of his First Amendment retaliation claim because he failed to allege specific facts supporting his vague and conclusory assertion that Defendants retaliated against him by threatening harm. *Id.* at 7–8.

Plaintiff avers these findings were based upon several factual mischaracterizations, listing what appear to be nine discrete objections. None of

the objections, however, ameliorate the deficiencies in Plaintiff's claims that the Magistrate Judge identified.

First, with respect to Plaintiff's access to the Court's claim, none of the objections establish how Plaintiff's placement in segregation or the delayed receipt of his DVD caused him to miss his filing deadlines. Plaintiff does state that as a result of his placement in segregation, he "no longer had the required exhibits, notes, and relevant case law, [sic] to create the briefs necessary for a timely appeal . . . ." Obj. ¶ 3, ECF No. 36. He still does not explain, however, how the deprivation of such materials *during a period approximately six months prior to the date of the dismissal of his appeals* caused him to miss the relevant filing deadline.

Second, Plaintiff's objections in no way establish that the Magistrate Judge erred in finding that Plaintiff's retaliation claim is unsupported by specific facts. Indeed, Plaintiff states only that he would be willing to take a polygraph test regarding his allegations. See *id*. ¶ 8.

Accordingly, Plaintiff's objections, ECF No. 36, are **OVERRULED**. The R&R, ECF No. 34, is **ADOPTED**, and Plaintiff's motion for a preliminary injunction, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT