UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Perrin Burse, *et al.*,

    Plaintiffs,

    v.                                             Case No. 2:15–cv–2992

Charlotte Jenkins, *et al.*,                  Judge Michael H. Watson

    Defendants.                            Magistrate Judge Jolson

## OPINION AND ORDER

Perrin Burse ("Plaintiff"),[1] brings this prisoner civil rights action *pro se*. Plaintiff moves for default judgment against Defendants as a sanction for Defendants' alleged violation of a discovery order that required them to respond to Plaintiff's motion to compel by a date certain. ECF No. 50. Alternatively, Plaintiff moves for a sanction against Defendants for the same violation, including a requirement that Defendants pay the expenses Plaintiff incurred in filing his motion for default judgment or sanctions. *Id.* Magistrate Judge Jolson, to whom the case was referred, issued a Report and Recommendation ("R&R") recommending the Court deny Plaintiff's motion for default judgment or sanctions. R&R, ECF No. 52. The R&R states that Defendants timely responded to Plaintiff's motion to compel and thus did not violate any discovery order. *Id.* at 1. Plaintiff timely objected to that R&R. Obj., ECF No. 55.

---

[1] The Court previously dismissed all claims asserted on behalf of Plaintiffs Burse Investment Group, Inc. and Burse Fund I. Order 2, ECF No. 19.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The undersigned "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff argues in his objection that, on August 12, 2016, Magistrate Judge King, to whom this case was referred at the time, ordered Defendants "to have all the discovery completed, and to the plaintiff by August 26, 2016." Obj. 2, ECF No. 55. Plaintiff cites ECF No. 47 for support. Plaintiff argues that Defendants "have failed to submit the Discovery Request / Interrogatories or [sic] the following defendants: **Defendant(s) Clark, Parnell, Elam, Sykes, and Alford**" and thus are in violation of the magistrate judge's order. *Id.* at 2–3.

The Court has conducted a *de novo* review and finds Plaintiff's objection meritless as it rests on a misreading of Magistrate Judge King's Order. The docket shows that Plaintiff filed a motion to compel on July 29, 2016. ECF No. 42. On August 11, 2016, Defendants moved for an extension of time *to respond to Plaintiff's motion*. ECF No. 45. The next day, Magistrate Judge King granted Defendants' motion for an extension of time and granted Defendants until August 26, 2016, *to respond to Plaintiff's motion to compel.* ECF No. 47. Defendants responded to Plaintiff's motion to compel on August 26, 2016. ECF No. 49. Accordingly, Defendants did not violate Magistrate Judge King's Order. The

Court **ADOPTS** and **AFFIRMS** Magistrate Judge Jolson's R&R, and Plaintiff's motion for default judgment or sanctions, ECF No. 50, is **DENIED**.

Additionally, Defendants move for leave to file *instanter* a motion for an extension of time to file their dispositive motion. ECF No. 54. For the reasons stated in the motion, the Court finds excusable neglect and therefore **GRANTS** Defendants' motion for extension of time. The Court grants both Plaintiff and Defendants until **Monday, May 1, 2017**, to file dispositive motions in this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT