UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Perrin Burse, *et al.*,

    Plaintiffs,

    v.                               Case No. 2:15–cv–2992

Charlotte Jenkins, *et al.*,         Judge Michael H. Watson

    Defendants.               Magistrate Judge Jolson

## OPINION AND ORDER

On October 14, 2016, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for default judgment in this *pro se* prisoner civil rights case. R&R, ECF No. 52. Plaintiff timely objected to that R&R, ECF No. 55, and noted in his objection that he did not receive a copy of the R&R until October 25, 2016. *Id.* at 1. Plaintiff blamed his delayed receipt of the R&R on his prison institution's mail room's erratic schedule, which he blamed on a lack of adequate staffing. *Id.* In their response to Plaintiff's objection, Defendants contested the date that Plaintiff received the R&R, arguing that Plaintiff actually received the same on October 21, 2016, rather than October 25, 2016, as asserted by Plaintiff. Resp., 1, ECF No. 56. Defendants attached a copy of the mail log to support their contention. Resp. Ex. 1, ECF No. 56-1. The Court adopted the R&R and denied Plaintiff's motion for default judgment. Op. and Order, ECF No. 64. The date on which Plaintiff received the R&R was not mentioned in, and indeed played no role in,

the Court's disposition of the R&R because, regardless of when Plaintiff received the R&R, his objections to the same were timely filed and considered by the Court.

After Defendants' response had been filed, but before the Court affirmed the R&R, Plaintiff moved for leave to supplement his complaint and moved, again, for default judgment. Mot., 57. Plaintiff argued that Defendants perpetrated a fraud on the Court by altering the mail log to make it appear as if Plaintiff had received the R&R on October 21, rather than October 25, of 2016. As such, Plaintiff sought permission to supplement his complaint to add various claims against Defendants for violations of multiple criminal statutes, arguing Defendants committed a fraud on the court. *Id.* at 2.

Magistrate Judge Jolson thereafter issued another R&R recommending the Court deny Plaintiff's motion to supplement. R&R, ECF No. 65. Plaintiff timely objects to that R&R, and the Court considers Plaintiff's objection *de novo* pursuant to Federal Rule of Civil Procedure 72(b).

Plaintiff may not supplement his Complaint to bring criminal charges against Defendants, and the Court is not aware of any stand-alone civil claim against a party for "fraud on the court." In any event, even assuming the truth of Plaintiff's averment that Defendants intentionally altered the mail log, the "fraud" did not actually deceive the Court because, as noted above, the Court did not rely on the mail log at all in its Opinion and Order.

The R&R is **ADOPTED**, and Plaintiff's motion for leave to supplement, ECF No. 57, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**