# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Perrin Burse,

    Plaintiff,

v.

Charlotte Jenkins, *et al.*,

    Defendants.

Case No. 2:15-cv-2992

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff Perrin Burse ("Plaintiff"), proceeding *pro se*, was an inmate at Chillicothe Correctional Institution ("CCI") at the time he filed the instant § 1983 action. On September 13, 2017, Magistrate Judge Jolson, to whom this case is assigned, issued a Report and Recommendation ("R&R") recommending that Plaintiff's "Dispositive Motion," ECF No. 67, be denied, that Defendants' Motion for Summary Judgment, ECF No. 70, be granted, and that Plaintiff's Motion for a Preliminary Injunction, ECF No. 75, be denied as moot. ECF No. 76. Plaintiff objects to the R&R. ECF No. 79. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff filed this case against CCI Warden Charlotte Jenkins and myriad CCI officials. Plaintiff alleges that Defendants' enforcement of a CCI policy governing the storage of inmate legal materials interfered with Plaintiff's right to

access the courts, was a form of retaliation against Plaintiff for Plaintiff's exercise of his First Amendment rights, and violated a host of other state laws. Only Plaintiff's claims for denial of access to the courts and First Amendment retaliation survived the Court's initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. ECF Nos. 14, 19.

Plaintiff thereafter filed a "Dispositive Motion," Defendants filed a motion for summary judgment, and Plaintiff filed a motion for a preliminary injunction. Magistrate Judge Jolson issued an R&R recommending that the Court deny Plaintiff's Dispositive Motion and grant Defendants' motion for summary judgment. The Magistrate Judge first concluded that Plaintiff failed to exhaust his administrative remedies and recommended granting summary judgment to Defendants on that basis alone. The Magistrate Judge further found that, even had Plaintiff properly exhausted his administrative remedies, Plaintiff's claims nevertheless failed on their merits. With respect to Plaintiff's motion for a preliminary injunction, the Magistrate Judge determined that Plaintiff had already been released from CCI's custody, and, therefore, the motion was moot.

Plaintiff objects to the Magistrate Judge's recommendations with respect to Defendants' motion for summary judgment only.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W.R.R., Inc.*, 509 U.S. 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cty. Dep't of Children and Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

## III.  ANALYSIS

Plaintiff raises several objections to the R&R.  For the reasons stated below, the Court need only address his objection to the findings regarding his failure to exhaust administrative remedies.

Failure to exhaust administrative remedies is an affirmative defense under the Prison Litigation Reform Act ("PLRA").  *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citations omitted).  On a motion for summary judgment, it is Defendants' burden to "establish the absence of a genuine issue as to any material fact regarding non-exhaustion."  *Id.* (internal quotation marks and citation omitted).

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citation omitted).  "All 'available' remedies must now be exhausted . . . ."  *Id.* (citations omitted); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

Exhaustion requirements are defined by the prison's administrative procedures, not the PLRA.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Ohio's administrative grievance procedures for inmates are codified under section 5120-

9-31 of the Ohio Administrative Code ("OAC"). Pursuant to the OAC, all grievances (with the exception of those made against the warden or inspector of the institutional services,[1] see OAC 5120-9-31(M)) must go through a three-step process. OAC 5120-9-31(K). First, the inmate must file an informal complaint within fourteen days of the events giving rise to the complaint. *Id.* Second, if the matter is not resolved on the informal complaint, the inmate must then file a grievance to the inspector of institutional services within fourteen days of the response to the informal complaint. *Id.* Finally, if the inmate is not satisfied with the resolution of his grievance to the inspector of institutional services, the inmate must file an appeal to the office of the chief inspector within fourteen days of the date of the disposition of the grievance. *Id.*

In this case, the Magistrate Judge noted that Plaintiff's initial complaint is dated August 14, 2015—nearly six months after the occurrence of the February events giving rise to the complaint. Informal Complaint, ECF No. 4-2, PAGEID # 309. As the Magistrate Judge pointed out, however, OAC 5120-9-31(K)(1) requires that an informal complaint be submitted within "fourteen calendar days of the event giving rise to the complaint . . . ." R&R 7, ECF No. 76. Because the evidence demonstrated that Plaintiff filed his informal complaint well beyond the

---

[1] OAC 5120-9-31(M) requires inmates to file grievances against the warden or inspector of institutional services "directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint." Plaintiff names both the CCI warden and inspector of institutional services as defendants in this lawsuit. There is no evidence, however, that Plaintiff filed a complaint against either of these defendants directly to the office of the chief inspector within thirty days of the occurrence events that are the subject of this lawsuit, as the OAC requires.

14-day cut-off, the Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies and recommended granting summary judgment to Defendants on this basis alone. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (explaining that inmates must timely comply with the administrative grievance process).

On objection, Plaintiff asserts that he did comply with the OAC's exhaustions procedures when he filed an informal complaint (step one) on August 4, 2017, a notification of grievance (step two) on September 15, 2015, and an appeal to the chief inspector (step three) on October 16, 2015. Because all three of these documents are contained in the record (at least in partial form), Plaintiff contends that the Magistrate Judge failed to conduct a full review and thus erroneously concluded that Plaintiff had not exhausted his administrative remedies.

Plaintiff's objection is not well taken. Regardless of whether Plaintiff attempted to complete steps two and three of the exhaustion procedures, the fact is he started the whole process off on the wrong foot—by filing his initial complaint six months late. This error was fatal to Plaintiff's exhaustion attempts. *See generally Ross*, 136 S. Ct. 1850. Plaintiff does not provide any evidence to rebut the fact of his late filing. Nor does Plaintiff argue, or present evidence to support an argument, that CCI exhaustion procedures were unavailable to him. *Ross*, 136 S. Ct. at 1862 ("The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as

are 'available.'"). Accordingly, the Magistrate Judge correctly concluded that Plaintiff failed to exhaust his administrative remedies and correctly recommended granting summary judgment to Defendants on this basis alone.

Because Plaintiff failed to exhaust his remedies, his case cannot proceed in federal court. *Ross*, 136 S. Ct. at 1858. Therefore, the Court declines to address Plaintiff's remaining objections to the recommendations concerning the merits of Plaintiff's claims.

### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint. The Clerk is directed to terminate ECF Nos. 67, 70, 75, and 76 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**